IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OREGON POTATO COMPANY

                Plaintiff,

v.

KERRY INC.,

                Defendant.

ORDER

20-cv-92-jdp

---

In this overly-disputatious civil lawsuit, three more discovery motions were before the court until yesterday afternoon, when the parties reported that they do not need court decisions on two of them. *See* dkt. 94. As a result, dkts. 71 and 73 do not require court action. This leaves OPC's challenge to defendant Kerry's assertion of the work product privilege as to a group of emails and related documents (Dkt. 56), which I address below.

Before I do so, however, I am directing the parties to think twice before filing more discovery motions. In the past year, no other lawsuit in this court has had as many discovery disputes as this one. Not the class actions, not the patent lawsuits, not the product liability lawsuits, not the civil rights lawsuits. There are skilled, zealous attorneys in these other cases and they all want to win, yet they all have managed to conduct discovery without the constant *sturm und drang* that radiates from this lawsuit. I already had picked up this file and had started working on the three pending motions. I was going to close this order by warning counsel that we had moved into Rule 37(b) territory: whoever lost the next discovery motion would have their discovery closed. Period. I am not going to issue that warning today, but counsel should bear in mind how thin the ice has become.

**Dkt. 56: The June 4, 2019 emails**

In its discovery responses to OPC, Kerry disclosed a set of June 4, 2019 emails between Kerry employees who wanted to create an overview of OPC's business performance with Jamba Smoothie over the last 3 - 5 years. Kerry's vice president of sales had learned that OPC was in the process of submitting a claim for down line time and lost business, so Kerry wanted to understand OPC's business in order to determine if OPC's expected claim was legitimate or overstated. *See* dkt. 56-1. This prompted OPC to request production of all related documents (dkt. 56-2), which prompted Kerry to seek to claw back the documents, claiming that they constituted inadvertently disclosed attorney work product. (Dkt. 56-3). OPC denied the request and filed this motion.

Kerry responded with a sworn declaration from Hitesh Ruparel, who was its vice present of procurement, who was Kerry's vice president of "supply chain and customer care" in 2019. Ruparel states that on May 31, 2019, he participated in a telephone call with Matt Simoniam of OPC to discuss slowdowns that were affecting Kerry's ability to meet OPC's orders. In response to Ruparel's report, Simoniam indicated that OPC might sue Kerry because of its delays in fulfilling OPC's orders. When asked what might forestall a lawsuit, Limonium asked for Kerry's formulas for yogurt chips. On June 3, 2019, DeNea Hombs, another vice president at Kerry, wrote to Simoniam to offer the formulas in exchange for a release from liability. In a sworn declaration to this court, Hombs reports that on June 3, 2019, she had a telephone conversation with Lanny Schimmel, Kerry's general counsel, about the legal claims that OPC indicated it might bring against Kerry. "Mr. Schimmel directed me to collect information on OPC's products that would allow him to provide legal advice regarding OPC's claims." Dkt. 64-

9 at ¶ 4. This is what caused Hombs to initiate the email chain [that Kerry now is trying to claw back]. *Id.*

In an allowed reply (dkt. 69), OPC concedes nothing, pointing out that nothing in the disputed emails contain the mental impressions of an attorney and that the requested documents never made it to the attorney. OPC suggests that the facts here are "strikingly similar" to those outlined by this court in *United States v. Neuroscience, Inc.*, 2015 WL 7731475 (W.D. Wis. 2015). Actually, they're not. Here, Simoniam threatened to sue Kerry because of the delayed orders, causing Schimmel to direct Hombs to gather information that he would use to provide legal advice to Kerry about OPC's threatened lawsuit.

In one of this court's more recent discussions of the attorney work product privilege, I noted that:

> The work-product doctrine provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). . . . The doctrine is intended to protect attorney thought process and mental impressions, as well as to "limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist.*, 600 F.3d 612, 622 (7th Cir. 2010).
>
> The key phrase in the rule is whether the documents were produced "in anticipation of litigation." The test is whether, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because* of the prospect of litigation." *Binks Mfg. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118–19 (7th Cir. 1983) (quoting 8 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure, § 2024) (emphasis in original). The party seeking to assert the work product privilege has the burden of proving that "at the very least some articulable claim, likely to lead to litigation, [has] arisen." *Id.* at 1119.
>
> *Profit Point Tax Technologies, Inc. v. DPAD Group, Inc.,* 336 F.R.D. 177, 182 (W.D. Wis. 2020)

3

Under this standard, the disputed email chain qualifies as work product. Rule 26(b)(3)(A) provides a safety valve that nonetheless would allow disclosure upon a showing of substantial need and undue hardship, but OPC doesn't even attempt to make this showing, because it couldn't: these emails are absolutely inconsequential to the point of being useless to either side. OPC seems to have picked a fight for the sake of picking a fight, but Kerry's resistence to disclosing these emails is equally puzzling.

Kerry did not request cost shifting under Rule 37(a)(5), so the court will not award it.

ORDER

It is ORDERED that:

(1) Plaintiff's motion for in camera review (dkt. 56) is denied;

(2) Plaintiff shall honor defendant's clawback request; and

(3) The competing motions to compel (dkts. 71 and 73) have been withdrawn and require no court action.

Entered this 23rd day of March, 2021.
.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge