IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OREGON POTATO COMPANY, doing business as
RADER FARMS,

                        Plaintiff,

   v.

KERRY INC.,

                        Defendant.

OPINION and ORDER

20-cv-92-jdp

---

This case is scheduled for trial on claims that defendant Kerry, Inc. breached its contract with Oregon Potato Company, which calls itself OPC, by failing to timely deliver yogurt cubes that OPC used for its at-home smoothie mixes. Now OPC moves for reconsideration of multiple issues addressed in the summary judgment opinion. Dkt. 199. Specifically, OPC challenges the court's conclusions that OPC forfeited its right to three categories of damages and abandoned claims based on any failure to deliver goods before May 31, 2019. OPC also challenges the court's reliance on WIS JI-CIVIL 3048. For the reasons explained below, the court will deny the motion for reconsideration.

ANALYSIS

**A.  Timeliness of motion**

As an initial matter, OPC's motion is untimely. The court issued the summary judgment opinion a month ago, yet OPC waited to file its motion until the same day the parties' motions in limine and other pretrial submissions are due. If the court allowed OPC to reinsert issues that the court had already resolved, it would be unfairly prejudicial to Kerry, which has been preparing for trial based on the reasonable belief that those issues were no longer in play. The

court would have to give Kerry an opportunity to file new motions in limine and update its trial submissions, which would take time away from other trial preparation and potentially cause delay. OPC identifies no reason why it waited a month to file a 12-page motion that doesn't involve complicated arguments but does have significant implications for trial. For this reason alone, I would not grant OPC relief now. But OPC's motion fails on the merits too.

**B.  Damages**

OPC challenges the court's conclusion that OPC forfeited its right to three categories of damages: (1) damages related to any yogurt cube flavors other than the five requested in the purchase orders at issue; (2) damages related to reformulating and relaunching the smoothie mixes because OPC began reformulating its mixes before any alleged breaches; and (3) royalty fees that OPC had to pay Focus because OPC would have had to pay those anyway. Kerry had moved for summary judgment on each of those categories, and it explained in its opening brief why it believed that OPC hadn't adequately supported those damages. Dkt. 118, at 64–69. OPC didn't respond to any of those arguments, relying on what it called "the Court's Bifurcation Order," and contending that the arguments were "inappropriate" until "after liability has been resolved." Dkt. 157, at 44. The court rejected that view because the court hadn't issued an order bifurcating liability and damages issues for the purpose of discovery or summary judgment. Dkt. 181, at 30. Because it is well-established in this circuit that a party forfeits an argument that it doesn't respond to, *see Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016), the court granted Kerry's motion for summary judgment on these damages issues.

OPC challenges the court's conclusion on three grounds. First, it denies that it argued that liability and damages issued were bifurcated for the purpose of discovery and summary

2

judgment. But that's incorrect. That is the only argument that OPC raised in its opposition brief in response to Kerry's arguments about the three categories of damages at issue. Dkt. 157, at 44–45. The first paragraph of that section of OPC's brief shows this:

> In accordance with the Court's Bifurcation Order, OPC shall properly address its damages when it is appropriate, including the proof of damages issues that Kerry has sought to raise in its pending Motion for Summary Judgment. For example, at the damage stage of the case pursuant to the Bifurcation Order, OPC will address: OPC's lost profits, OPC's flavors of JAHS subject to losses, OPC's costs to reformulate the JAHS, OPC's earnings to set off by the Royalty Payment, the foreseeability of OPC's compensatory damages at the end of the Contracts, and OPC's entitlement to punitive damages. Kerry's efforts to raise all those issues now, in great detail, in its Motion for Summary Judgment is inappropriate, and its Motion should be denied on each, as set forth below.

*Id.* at 44. OPC then went on to argue that Kerry's arguments on damages should be rejected "until the parties can properly take discovery on the issue of damages pursuant to this Court's Bifurcation Order entered in this Lawsuit" and that "Kerry's Motion on damages is improper at this juncture" and "currently not relevant." *Id.* at 45. OPC concluded by asking the court "to defer Kerry's arguments on damages until later, and allow OPC to respond appropriately at that time." *Id.* But the court denied OPC's request because the court hadn't limited the parties' right to seek summary judgment on damages issues. OPC doesn't argue now that there was any basis for its request to defer, so there is no basis for seeking reconsideration.

Second, OPC says that the court "found that OPC sufficiently put forth the existence of the three categories of damages" at issue when the court rejected Kerry's contention that it was entitled to summary judgment because OPC hadn't proven any damages. Dkt. 200, at 4. That's also incorrect. The court concluded only that OPC had adduced some evidence of damages so that Kerry wasn't entitled to dismissal of the entire case on that ground. In reaching

that conclusion, the court relied on evidence that OPC lost accounts as a result of delays in fulfilling orders and that all of the packaging and product it had already produced went to waste. Dkt. 181, at 20. The court made no findings about specific yogurt cube flavors, the costs of reformulating or relaunching the smoothie mixes, or royalty fees.

Third, and finally, OPC says that it cited evidence of damages in its briefs in support of its own motion for summary judgment. But OPC's own motion for summary judgment was addressing the general issue whether OPC suffered *any* damages as a result of the alleged breaches. *See* Dkt. 145-3, at 24–27. OPC's summary judgment brief doesn't discuss the specific categories of damages that Kerry challenged in its summary judgment motion.

Even if the court were to consider OPC's motion for reconsideration as a supplemental summary judgment brief, OPC's argument would still fail. OPC's motion cites numerous documents that it says are evidence of its damages, but it still fails to respond to any of the arguments that Kerry made about why OPC isn't entitled to damages for the three categories identified above. Specifically, OPC doesn't explain why it is entitled damages related to flavors it didn't order during the relevant time, it doesn't deny that it decided to reformulate its products without Kerry's yogurt cubes before the alleged breaches, and it doesn't deny that it would have paid the same royalty fees regardless of whether Kerry breached the contract. So the court adheres to its conclusion that OPC forfeited its right to these categories of damages.

## C.  Scope of OPC's claims

The court concluded in the summary judgment opinion that OPC had abandoned any claims that Kerry breached its agreements before May 31, 2019, because OPC's arguments were focused on breaches that occurred after that date, and OPC identified July 1 and July 15 as "[t]he promised ship dates for the Contracts" in its opposition to Kerry's motion for

4

summary judgment. Dkt. 181, at 7. OPC says that it did not intend to abandon claims based on earlier dates, but it doesn't point to any evidence from its summary judgment opposition brief suggesting that it was continuing to assert those claims. In any event, even if OPC didn't mean to abandon those claims, the court would have dismissed them because it is undisputed that OPC agreed to waive all of the earlier fulfillment dates. *M & I Marshall & Ilsley Bank v. Pump*, 88 Wis. 2d 323, 330, 276 N.W.2d 295, 298 (1979) (time for performance can be waived by agreeing to an extension).

### D. Wisconsin Jury Instruction

OPC says that the court erred by relying on WIS JI-CIVIL 3048 because that instruction doesn't apply to claims under the Uniform Commercial Code. But OPC neither explains what it believes the appropriate standard is nor identifies any specific conclusions it wishes to challenge from the summary judgment opinion. So there is nothing to reconsider at this point. Of course, OPC is free to propose a different instruction at trial, supported by appropriate authority.

### ORDER

IT IS ORDERED that the motion for reconsideration filed by Oregon Potato Company, Dkt. 199, is DENIED.

Entered January 14, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge